# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, individually and as successor in interest to JOSE BANDA PICHARDO; SUSANA BANDA, individually and as successor in interest to JOSE BANDA PICHARDO; and JOSE TREJO and SUSANA BANDA, as co-representatives of the Estate of JOSE BANDA PICHARDO,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF IMPERIAL, RAYMOND LOERA, ANDREA KUHLEN, CALIFORNIA FORENSIC MEDICAL GROUP and DOES 2-10, inclusive, and R. BANDA, a minor (nominal defendant),<br><br>Defendants. | CASE NO. 20cv1465-LAB-MSB<br><br>**ORDER GRANTING MOTION TO DISMISS [Dkt. 26]** |

Jose Banda Pichardo died of suicide while being held at the Imperial County Regional Adult Detention Facility (ICRADF). His father and mother, Jose Trejo and Susan Banda, filed this action individually, as successors-in-interest to Pichardo, and as co-representatives of Pichardo's estate (the

"Estate," and collectively with Trejo and Banda, "Plaintiffs"), against the County of Imperial and several of its alleged agents, including California Forensic Medical Group ("CFMG"), alleging that those defendants were responsible for Pichardo's death in custody. Plaintiffs' SAC asserts claims for violations of Pichardo's and their own Fourteenth Amendment rights, negligence under common law and Cal. Gov. Code § 845.6, and wrongful death.

CFMG moves to dismiss four claims against it: three claims under the Fourteenth Amendment and 42 U.S.C. § 1983 along with the negligence claim under Cal. Gov. Code § 845.6. Because the SAC doesn't allege any policies or practices attributable to CFMG, the Motion is **GRANTED** as to the Fourteenth Amendment claims, which are **DISMISSED WITHOUT PREJUDICE**. And because Plaintiffs don't allege any facts supporting the conclusion that CFMG was a public employee covered by Cal. Gov. Code § 845.6, the Motion is **GRANTED** as to that claim, too, which is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

The SAC's relevant factual allegations and the reasonable inferences that can be drawn in Plaintiffs' favor are as follows. Pichardo suffered from, and had been diagnosed with, depression, bipolar disorder, anxiety, and schizophrenia. (SAC ¶ 17). He was on a regimen of various prescription drugs for these conditions when he was booked into ICRADF on October 27, 2018. (*Id.* ¶¶ 15, 18).

At ICRADF, Pichardo would be in the County's custody and subject to policies issued by Raymond Loera, Sheriff of Imperial County. (*See id.* ¶ 8). Loera's office and another Imperial County agency had entered into a Memorandum of Understanding regarding assessment and treatment of inmates at ICRADF. That MOU was effective from July 1, 2017 until, at latest,

June 20, 2018, before Pichardo arrived. (*Id.* ¶¶ 24–26). It indicated that certain County agents must "[s]hadow CFMG staff on a weekly basis to familiarize self with possible referrals" and "[r]eport significant observations of an inmate to CFMG staff to assist in CFMG's determination for suitability of booking." (*Id.* ¶ 27(b)).

As part of the booking process, someone—possibly an agent of CFMG making a "determination for suitability of booking"—conducted a medical and psychological screening. (*Id.* ¶¶ 19, 27(b)). After those screenings, Pichardo "was refused his medication and was placed in the general population without any designation regarding his medical condition that would alert those in charge of his care that he required monitoring, medical treatment, psychological treatment, and follow-up care." (*Id.* ¶ 19).

At some point after booking, deputies at ICRADF refused Trejo's request to bring Pichardo his medication. (*Id.* ¶ 20). Pichardo complained of hallucinations and asked for his medication; ICRADF guards didn't heed this request or otherwise get help. (*Id.* ¶ 21). On or about February 23, 2019, Pichardo died of suicide by hanging in his cell. (*Id.* ¶¶ 22–23).

CFMG moves to dismiss claims that it caused a deprivation of Plaintiffs' constitutional rights because, it argues, the SAC fails to allege any policy or custom attributable to CFMG that caused such a deprivation. It also moves to dismiss a negligence claim under Cal. Gov. Code § 845.6 because that statute applies only to public entities and public employees, while CFMG contends that it was an independent contractor.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss calls for a preliminary evaluation of a party's pleading and tests only whether the pleading provides "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal marks and citation omitted). The pleading must allege facts: "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## DISCUSSION

### I. The SAC fails to allege any policies or practices attributable to CFMG to support its Fourteenth Amendment claims

Plaintiffs' first through third causes of action attempt to impose liability on CFMG for violation of their Fourteenth Amendment rights under 42 U.S.C. § 1983. That section imposes liability "only on those who shall subject, or cause to be subjected, any person . . . to the deprivations of any [constitutional] right." *Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993) (cleaned up), citing *Monell v. Department of Social Services*, 436 U.S. 658, 691–2 (1978). This language doesn't leave room for "imposit[ion of] liability vicariously on employers or supervisors solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Id.*, citing *Monell*, 436 U.S. at 692. Because an entity like CFMG necessarily acts through individuals, Plaintiffs can only hold CFMG liable under § 1983 by alleging and proving that CFMG had a policy or custom that caused an individual to violate their constitutional rights. *Monell*, 436 U.S. at 690–91.

The SAC doesn't allege any policy or custom attributable to CFMG. The only policy it alleges is embodied in an MOU between the Imperial County Sheriff's Office and another Imperial County agency, a document that expired before Pichardo arrived at ICRADF. (SAC ¶¶ 24, 26). And while Plaintiffs point the Court to several other paragraphs in the SAC, (*see* Dkt. 32 at 5), none of those paragraphs suffices to support the Fourteenth Amendment claims against CFMG. Some relate to individuals' conduct in a single instance, not

policies or customs. (SAC ¶¶ 19–21). Another alleges that the MOU policies, which aren't directed to CFMG or its employees, were ignored in Pichardo's case. (*Id.* ¶ 28). The remainder are wholly conclusory, without any supporting factual allegations. (*Id.* ¶¶ 30–32, 37–40, 42–45). And none allege any facts involving CFMG. (*Id.* ¶¶ 19–21, 28, 30–32, 37–40, 42–45).

Because the SAC doesn't allege any policies or customs attributable to CFMG, it doesn't allege any facts supporting a claim that CFMG caused a deprivation of Plaintiffs' constitutional rights. The Motion is **GRANTED** as to the first, second, and third causes of action against CFMG. Those claims are **DISMISSED WITHOUT PREJUDICE**.

## II. California Government Code § 845.6 is Inapplicable because CFMG is a Private Contractor

Plaintiffs' sixth cause of action asserts that CFMG violated Cal. Gov. Code § 845.6. Under that statute, "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that [a] prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.*

CFMG isn't a public entity—it's a California corporation.[1] (*See* Dkt. 33-1 Ex. A); *see also Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1397 (2010) (A "[p]rivate entity working under contract for the State" is not a "public entity" for purposes of California Tort Claims Act, Gov. Code § 801 et seq.). And the Court can't credit Plaintiffs' conclusory allegation that CFMG was an employee of the County without factual support. (SAC ¶ 12); *Duffey v. Tender Heart Home Care Agency, LLC*, 31 Cal. App. 5th 232, 242 n.7 (2019) ("[W]hether [a party] was an employee is a legal conclusion, not a fact.");

---

[1] The Court takes judicial notice of the California Secretary of State's Certificate of Status confirming this fact. Fed. R. Evid. 201(b)(2), (c)(2).

*Twombly*, 550 U.S. at 555.

Because the SAC doesn't allege facts that, if proven, would establish that CFMG is a "public entity" or a "public employee," the Motion is **GRANTED** as to its claim under Cal. Gov. Code § 845.6. That claim is **DISMISSED**. CFMG doesn't point to any allegations or authority that foreclose the possibility that it was an employee, though, so the dismissal is **WITHOUT PREJUDICE**.

## CONCLUSION

The Second Amended Complaint's cursory allegations regarding CFMG fail to allege either that: 1) CFMG was responsible for a policy or custom that caused Plaintiffs' constitutional injuries; or 2) CFMG was a public entity or employee covered by Cal. Gov. Code § 845.6. Without those allegations, Plaintiffs can't sustain claims under that California statute or 42 U.S.C. § 1982. The Motion is **GRANTED**, and Plaintiffs' first, second, third, and sixth claims against CFMG are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 21, 2022

*[signature]*

**HON. LARRY ALAN BURNS**
United States District Judge