# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF IMPERIAL, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-1465-DDL<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS**<br><br>**[Dkt. No. 186]** |

Before the Court is Plaintiffs' Motion for Leave to Amend the Pleadings ("Motion"), in which Plaintiffs seek leave to file a fifth amended complaint to assert claim against Defendant California Forensic Medical Group ("CFMG") under *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978). Dkt. No. 186. CFMG opposes the Motion. Dkt. No. 187. The Court concludes Plaintiffs have not demonstrated good cause for the proposed amendment as required by Federal Rule of Civil Procedure 16(b) and **DENIES** the Motion.

## I.
## PROCEDURAL BACKGROUND

In November 2019, Jose Banda Pichardo died by suicide while in custody in the Imperial County Regional Adult Detention Facility. On July 29, 2020, Plaintiffs Jose Trejo and Susana Banda filed a Complaint alleging federal and state law causes of action against the County of Imperial and two individual defendants. Dkt. No. 1. On October 22, 2020,

Plaintiffs filed a First Amended Complaint. Dkt. No. 5. On March 18, 2021, Plaintiffs filed a Second Amended Complaint ("SAC"). Dkt. No. 19. As relevant here, the SAC substituted CFMG as a named defendant and alleged causes of action against CFMG for violations of 42 U.S.C. § 1983, negligence and wrongful death. The SAC did not assert a § 1983 *Monell* claim against CFMG.

On June 8, 2021, Magistrate Judge Berg issued a scheduling order setting July 9, 2021, as the last day to move to amend the pleadings. Dkt. No. 28. The scheduling order also set a fact discovery completion deadline of December 6, 2021, and an expert discovery completion deadline of March 28, 2022. *Id.*

On March 21, 2022, District Judge Burns granted CFMG's motion to dismiss the SAC's § 1983 claims against CFMG without prejudice. Dkt. No. 39 at 5 ("Because the SAC doesn't allege any policies or customs attributable to CFMG, it doesn't allege any facts supporting a claim that CFMG caused a deprivation of Plaintiffs' constitutional rights.").

On April 21, 2022, Judge Berg granted the parties' joint motion to continue all discovery and pretrial dates and issued an amended scheduling order continuing the fact discovery deadline to September 6, 2022, and the expert discovery deadline to December 30, 2022. Dkt. No. 44. The amended scheduling order did not extend the already-passed deadline to amend the pleadings.

On August 16, 2022, the Court granted the parties' joint motion to continue the fact discovery deadline to October 7, 2022, for the limited purpose of allowing Plaintiffs to depose Michael Salib, M.D. Dkt. No. 81.

On August 26, 2022, Judge Burns denied Plaintiffs' motion to amend the complaint to assert new claims, including a *Monell* claim against CFMG. *See* Dkt. No. 84. Applying Federal Rule of Civil Procedure 16(b)(4), Judge Burns found that "[g]ranting leave to amend at this late stage would add yet further delay to this case and would require the parties to expend considerable resources to conduct additional discovery and greater complexity to the litigation of this case." *Id.* at 7-8. Plaintiffs did not move for

reconsideration, and the issue of adding a *Monell* claim against CFMG was not raised again until March 2024.

On September 21, 2022, the Court issued an amended scheduling order extending the fact discovery deadline for all purposes to October 7, 2022.  Dkt. No. 88.

On February 28, 2023, Plaintiffs filed the Third Amended Complaint.  Dkt. No. 107 at 14-15.  On June 20, 2023, the Court continued certain pretrial deadlines, including the final pretrial conference, which was continued to August 14, 2023.  Dkt. No. 128.  Thereafter, the parties litigated Plaintiffs' motion for partial summary judgment.  Dkt. Nos. 132, 138, 143.

On August 15, 2023, following the parties' consent to the undersigned's jurisdiction for all proceedings, the Court issued a new scheduling order which included an October 13, 2023, hearing date on the motion for partial summary judgment, various pretrial motion and trial-readiness deadlines, and a trial date of January 22, 2024.  Dkt. No. 152.  Following the Court's order denying Plaintiffs' motion for partial summary judgment, the parties again moved to continue all pretrial and trial-related dates in the scheduling order.  Dkt. Nos. 154, 155.  The Court held a status conference to address the parties' joint motion, and on November 14, 2023, the Court issued an amended scheduling order continuing the deadlines for the parties' pretrial motions and continuing the trial to January 29, 2024.  Dkt. Nos. 159, 160.

On December 18, 2023, the Court set a briefing schedule on the issue of punitive damages.  Dkt. No. 165.  On December 28, 2023, after CFMG filed a motion for judgment on the pleadings, the Court amended the scheduling order to accommodate the briefing schedule and hearing date on CFMG's motion, and continued the trial date to March 11, 2024.  Dkt. No. 168.

On January 23, 2024, the Court granted CFMG's motion for judgment on the pleadings and granted Plaintiffs leave to amend the complaint for the sole purpose of curing the identified deficiencies regarding their allegations supporting their punitive damages

/ / /

claim against CFMG. *See* Dkt. No. 174 at 8-10 (providing that Plaintiffs must allege malice on the part of corporate decision-makers to demonstrate entitlement to punitive damages).

On January 30, 2024, Plaintiffs filed a Fourth Amended Complaint that includes allegations of decision-making authority and malicious conduct by CFMG's Health Services Administrator, Linda Corfman ("Corfman"). *See generally* Dkt. No. 175 at 12-16. In light of the new factual allegations, the Court directed the parties to prepare a proposed pretrial and trial schedule, and the Court addressed the proposed schedule at a status conference on March 18, 2024. Dkt. Nos. 180, 181. The Court set a further status conference for March 26, 2024, and ordered Plaintiffs, CFMG, and Defendant County of Imperial to "meet and confer regarding the scope of written discovery to be propounded by Plaintiffs and the depositions Plaintiffs seek to take regarding punitive damages." Dkt. No. 181.

At the March 26 status conference, Plaintiffs orally requested leave to file a motion for leave to amend the complaint to add a *Monell* claim against CFMG, notwithstanding Judge Burns's prior order denying the same relief. Dkt. No. 84. Plaintiffs further requested leave to conduct additional discovery and stated that they anticipated being ready for trial by early spring 2025.

On April 2, 2024, the Court issued the operative Amended Scheduling Order. Dkt. No. 185. Trial is set to begin on September 23, 2024. *Id*.

## II.
## DISCUSSION

**A.**   **Parties' Arguments**

Plaintiffs contend that because "this Court has recently amended the scheduling order and permitted Plaintiffs to file a motion to amend the pleadings . . . , the Fed. R. Civ. Proc. Rule 15 standard should apply where leave shall be freely given when justice so requires, instead of Rule 16." Dkt. No. 186 at 3. Further, Plaintiffs contend that "Rule 15's policy is to decide cases on their merits and Plaintiffs should be given an opportunity to proceed with a *Monell* claim against Defendant CFMG." *Id*. Plaintiffs also assert that

"Defendant CFMG will not suffer any prejudice given that it has already defended itself against Plaintiff's *Monell* claim." *Id*. Finally, Plaintiffs contend that "even if this Court believes Rule 16 applies, Plaintiffs have been diligent and Defendant CFMG will not suffer prejudice." *Id*.

CFMG opposes Plaintiffs' Motion on the grounds that it "never litigated §1983 claims in connection with this case," that "[a]ll discovery and analysis have focused on the state law standards for negligence and wrongful death," and that "CFMG's defense in this case is and was focused on vicarious liability principles," which are "expressly disallowed in a *Monell*/§1983 municipal liability claim." Dkt. No. 187 at 3-4. To this point, CFMG further highlights that it "conducted no discovery on a *Monell* issue, retained no experts to opine on *Monell* issues, filed no dispositive motions on *Monell* issues and in no way defended this case as a *Monell* or §1983 claim." *Id*. at 9. CFMG further points out that "[t]rial is now set for September 23, 2024, with only a modicum of discovery occurring presently related to Plaintiffs' new paragraphs in their Fourth Amended Complaint." *Id*. at 4. Ultimately, CFMG argues Plaintiffs fail to demonstrate the requisite good cause under Rule 16. *See id*. at 9-10.

**B.     Plaintiffs Fail to Establish Good Cause to Amend the Complaint**

    **1.     Rule 16's "Good Cause" Requirement Applies**

Rule 15 governs amendments to pleadings. However, "[a] party seeking to amend a pleading after the date specified in [a] scheduling order must first show 'good cause' for amendment under Rule 16(b), and only if 'good cause' is shown does the analysis proceed to whether a party can demonstrate that amendment is proper under Rule 15." *Gratton v. City of Tukwila*, No. 2:22-cv-01598-TL, 2024 WL 580787, at *17 (W.D. Wash. Feb. 13, 2024).[1]

/ / /

---

[1]     Unless otherwise noted, all citations and internal quotation marks and ellipses are omitted, and all emphasis and alterations are added.

The original Scheduling Order set a deadline of July 9, 2021, to amend the pleadings. Dkt. No. 28. At no point thereafter did the Court continue the deadline to amend the pleadings. *See* Dkt. Nos. 44, 81, 88, 125, 128, 141, 152, 160, 167, 168, 185. As such, Rule 16 governs Plaintiffs' motion for leave to amend that was filed almost three years after the deadline to amend the pleadings. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (district court properly applied good cause standard to request for leave to amend complaint "because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend"); *Gratton*, 2024 WL 580787, at *17.

Moreover, the Court is not writing on a clean slate in considering this issue. In denying Plaintiffs' prior motion for leave to amend to add a *Monell* claim against CFMG, Judge Burns concluded that Rule 16(b)'s "good cause" standard applied because the Scheduling Order's deadline to amend the pleadings had passed. Dkt. No. 84 at 3-4. Plaintiffs never moved for reconsideration of Judge Burns's application of Rule 16 to their motion for leave to amend.

Plaintiffs argue that Rule 15 applies because the Court granted them leave to file an amended complaint. The Court disagrees. At the March 26 status conference, Plaintiffs asserted that they wished to amend the complaint to add a *Monell* claim against CFMG and requested authorization to file a motion for leave to amend. The Court set a briefing schedule as requested by Plaintiffs. Dkt. No. 185 at 4-5. By setting a briefing schedule, the Court did not *sub silentio* amend the scheduling order to provide a new date to amend the pleadings such that Rule 15 would govern the analysis. Rather, the Court simply gave Plaintiffs their requested opportunity to raise the issue of leave to amend, which Plaintiffs have done. Whether Rule 15 or Rule 16 applies to Plaintiffs' motion for leave to amend was never raised at the March 26 hearing, and the Court concludes that Rule 16 applies for all the reasons set forth above.

/ / /

/ / /

2. **Plaintiffs Have Not Established "Good Cause"**

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

In assessing diligence, the Court may consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Bio Energy (Washington), LLC v. King County, Washington*, No. 2:23-cv-00542-LK, 2024 WL 1974340, at *2 (W.D. Wash. May 3, 2024); *Magana v. Archer Daniels Midland Co.*, No. 1:20-cv-00578-NONE-SKO, 2021 WL 2349877, at *4 (E.D. Cal. June 9, 2021) ("In general, the focus of the diligence inquiry under Rule 16(b) is the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading.").

The record demonstrates that Plaintiffs did not act with diligence in bringing the motion for leave to amend when the relevant facts were known. Plaintiffs contend they "have been diligent in litigating the case and diligent in obtaining all discovery needed for trial." Dkt. No. 186 at 11. But as CFMG points out, Judge Burns already found that Plaintiffs were not diligent. In denying Plaintiffs' prior motion to amend their complaint to add a *Monell* claim against CFMG, Judge Burns observed that although the case was filed on July 29, 2020, "almost no discovery was served" and "active efforts to engage in discovery didn't begin until April 2022—nearly two years after this case commenced." Dkt. No. 84 at 6. Judge Burns further explained:

> Moreover, allowing amendment of the complaint to add new defendants and theories of liability at this stage in the litigation would result in undue prejudice to Defendants. Plaintiffs seek to add a municipal liability claim (*Monell* claim) against the medical provider defendants, despite previously amending to add

> a *Monell* claim against County Defendants and other constitutional claims against CFMG, as well as a supervisorial liability against certain DOE Defendants. Per the operative scheduling order, the close of fact discovery is on September 6, 2022. Granting leave to amend at this late stage would add yet further delay to this case and would require the parties to expend considerable resources to conduct additional discovery and bring greater complexity to the litigation of this case. On these facts, granting leave to amend would be unduly prejudicial. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (upholding denial of leave to amend on the basis of dilatoriness and prejudice where plaintiffs introduced new legal theory well into the litigation).
>
> Undue delay, undue prejudice, and previous amendments justify denial of leave to amend here, and the Court finds that there is no good cause shown to allow the proposed amendment. Plaintiffs have not adequately explained why they were ignorant of the identities of these individuals and entities until just recently, despite being in possession of records identifying many of them nearly a year and a half ago, nor have they given the Court any other adequate explanation for their delay in adding these new claims. Moreover, permitting amendment will cause undue delay and prejudice to Defendants, as additional discovery may be necessary.

Dkt. No. 84 at 7-8.

Plaintiffs contend that "Judge Burns' reasoning for his denial of Plaintiff's motion to amend is no longer applicable" (Dkt. No. 186 at 8), but Plaintiffs do not explain why this is so. Judge Burns' reasoning is as applicable, if not more so, to the present motion: the Court denied Plaintiffs' previous request for the same relief in August 2022, fact discovery closed in October 2022 (Dkt. No. 88), and the Court has not found in the record a satisfactory explanation of why Plaintiffs waited until March 2024 to re-raise the issue of leave to amend. Indeed, following the parties' consent to the undersigned's jurisdiction in August 2023, the Court has issued multiple scheduling orders setting trial dates that confirmed the parties' readiness to proceed to trial on Plaintiffs' negligence and wrongful death claims against CFMG. Dkt. Nos. 152, 160, 167. Similarly, in a joint status report

filed on March 8, 2024, all parties sought a trial date in June 2024 with limited fact discovery relating to Plaintiffs' new punitive damages allegations against CFMG. Dkt. No. 180.

The record reflects that Plaintiffs were "aware of the facts and theories supporting amendment" since at least July 2022, when Plaintiffs first sought leave to amend to allege a *Monell* claim against CFMG. *Chandler v. Morgan Stanley Smith Barney*, *LLC*, No. 14cv0060 BEN(RBB), 2014 WL 3002403, at *2 (S.D. Cal. July 2, 2014) (denying motion to amend). Indeed, subsequent to Judge Burns's denial of Plaintiffs' motion for leave to amend in August 2022, the record reflects that Plaintiffs and CFMG proceeded with the expectation that the case against CFMG consisted solely of negligence and wrongful death claims until Plaintiffs raised the issue of seeking leave to amend in March 2024. The Court endorses Judge Burns' August 2022 finding, and finds again on the record before it, that Plaintiffs have not demonstrated the requisite diligence to support a finding of good cause for the proposed amendment.

Although the good cause analysis focuses primarily on "the diligence of the party seeking the amendment," *Johnson*, 975 F.2d at 609, the prejudice to CFMG that would result from the proposed amendment further supports a finding that good cause does not exist. During the almost four years this case has been pending, Plaintiffs have asserted only negligence and wrongful death claims against CFMG. As CFMG points out, the entire focus of its discovery and preparation of its defense has been on vicarious liability principles pertaining to Plaintiffs' state law claims given that Plaintiffs' §1983 claims against CFMG in the Second Amended Complaint were dismissed. Dkt. Nos. 19, 39. At no point since CFMG was joined as a defendant in the case has it had a reason to seek discovery pertaining to a *Monell* claim. *See* Dkt. Nos. 19, 107, 175. Allowing Plaintiffs to add a *Monell* claim against CFMG at this point – almost four years after the case was filed and approximately four months before trial – would prejudice CFMG and further weighs against a finding of good cause under Rule 16. *Coleman*, 232 F.3d at 1295 (affirming denial of leave to amend under Rule 16 where plaintiffs were not diligent and

"prejudice to Quaker, although not required under Rule 16(b), supplies an additional reason for denying the motion").

Plaintiffs reference another order issued by Judge Burns that, in relevant part, denied CFMG's motion to strike paragraphs in the Third Amended Complaint containing factual allegations that Judge Burns observed "might help establish a *Monell* claim" against the County. Dkt. No. 129 at 5. Although Judge Burns went on to find "unpersuasive" CFMG's concerns about "undue burden, and unfair prejudice [on] CFMG," on the ground that "CFMG had a full and fair opportunity to litigate the newly added allegations, especially those discovered through depositions," this ruling goes to assertions of prejudice regarding factual allegations that may support a *Monell* claim against the *County*, not against CFMG. *Id*. at 6. At no point in the order denying CFMG's motion to strike did Judge Burns suggest a lack of prejudice where the factual allegations would be used to support a *Monell* claim against CFMG.

## C. Leave to Amend is Not Warranted Under Rule 15

Plaintiffs' failure to establish "good cause" under Rule 16 compels denial of their motion for leave to amend. *Gratton*, 2024 WL 580787, at *17. But leave to amend would be unwarranted even if the Court were to apply Rule 15.

Under Rule 15, courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a "very liberal" standard in favor of amendment. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

"'Undue delay' is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). The inquiry is "whether the moving party knew or should have

known the facts and theories raised by the amendment at the time of the original pleading, although the fact that a party could have amended a complaint earlier does not in itself constitute an adequate basis for denying leave to amend." *Id.* at 651-52.  Relevant factors include "(1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Id.* (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)).  Similarly, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

      Here, considerations of undue delay and prejudice to CFMG weigh heavily against allowing Plaintiffs to amend their complaint.  Plaintiffs have known of the basis for their *Monell* claim against CFMG since at least July 2022, when they first sought leave to amend to add this claim. Dkt. No. 62.  Moreover, there appears to be no reason as to why Plaintiffs waited 19 months after Judge Burns denied their motion for leave to amend in August 2022 to raise the issue again with the Court in March 2024.  *See*, *e.g.*, *AmerisourceBergen Corp.*, 465 F.3d at 952-53 (district court acted within its discretion in denying leave to amend where plaintiff sought leave to amend fifteen months after learning of new theory); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (eight-month delay from time of obtaining facts until filing amended complaint unreasonable).  Fact discovery closed in October 2022 (other than limited fact discovery relevant to Plaintiffs' punitive damages allegations), and trial is four months away.  All these factors support the conclusion that Plaintiffs unduly delayed in seeking leave to amend. *See Wizards of the Coast LLC*, 309 F.R.D. at 651-52.  Moreover, granting leave to amend would prejudice CFMG by requiring the reopening of fact discovery on a new theory of liability and a resulting continuance of the September 2024 trial date.  *See Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988) (party was substantially prejudiced because it would have been forced to conduct more discovery and "reprepare its case for trial on an entirely different factual theory of liability"); *Lochridge v. City of Tacoma*, 315 F.R.D. 596, 600 (W.D. Wash. 2014)

(finding prejudice where amendment would have required additional fact discovery and a new case schedule, including a delayed trial date). For all these reasons, leave to amend is not justified under Rule 15.

## III.
## CONCLUSION

Plaintiffs' motion for leave to amend [Dkt. No. 186] is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 22, 2024

                                            Hon. David D. Leshner
                                            United States Magistrate Judge