UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP,<br><br>　　　　　　　　　Defendant. | Case No.: 20-cv-1465-DDL<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>**[Dkt. Nos. 206, 207]** |

Before the Court are motions in limine filed by Plaintiffs (Dkt. No. 207) and Defendant California Forensic Medical Group, Inc. ("CFMG") (Dkt. No. 206). The Court heard argument at the Pretrial Conference on September 6, 2024. This Order follows.

## I.
## LEGAL STANDARDS

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Matrix Int'l Textile, Inc, v. Monopoly Textile, Inc.*, No. 2:16-cv-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017) (citation omitted). Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* Moreover,

motions in limine rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.2 (2000).

## II.

## **PLAINTIFFS' MOTIONS IN LIMINE**

**A.    Motion in Limine No. 1 - Exclude "inflammatory character evidence"**

In February 2019, Jose Banda Pichardo ("Pichardo") died by suicide while in custody at the Imperial County Sheriff's Department Regional Adult Detention Facility ("ICRADF"). CFMG is a medical provider that contracted with Imperial County to provide medical and mental health care to inmates at ICRADF. Pichardo's parents, Jose Trejo and Susana Banda, assert causes of action against CFMG for negligence and wrongful death arising from their son's suicide.

Plaintiffs move to exclude evidence of Pichardo's "tattoos, illegal drug use, past periods of incarceration, past convictions, and past contact with law enforcement." Dkt. No. 207 at 2. Plaintiffs contend this evidence is irrelevant and that its admission would create a substantial risk of unfair prejudice. *See* Fed. R. Evid. 401, 403. CFMG clarified at the Pretrial Conference that it will not seek to introduce evidence of Pichardo's tattoos or law enforcement contacts generally but maintained that evidence of his drug use and periods of incarceration may be relevant depending on the evidence introduced by Plaintiffs.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. For the reasons stated at the Pretrial Conference, the Court finds that evidence of Pichardo's drug use or prior periods of incarceration is not relevant to any issue of liability on Plaintiffs' claims for negligence and wrongful death. Moreover, to the extent this evidence has any probative value as to liability, that value is substantially outweighed by the danger unfair prejudice arising from its admission. Fed. R. Evid. 403. Should CFMG determine that testimony introduced by Plaintiffs renders any of these topics

relevant, defense counsel must raise this issue with the Court and Plaintiffs' counsel outside the presence of the jury prior to presenting any such evidence.

Damages are a different matter. Plaintiffs intend to seek economic and non-economic damages on their wrongful death claim. Economic damages include the financial support that Pichardo "would have contributed to the family during either the life expectancy that [Pichardo] had before his death or the life expectancy of [plaintiff Banda], whichever is shorter." Judicial Council of California, Civil Jury Instruction ("CACI") No. 3921. Non-economic damages include "[t]he loss of [Pichardo's] love, companionship, comfort, care assistance, protection, affection, society [and] moral support." *Id.*

Pichardo's periods of prior incarceration are "relevant to the issue of damages, as it will inform the jury's decision regarding future earnings." *N.W. v. City of Long Beach*, No. EDCV141569VAPSPX, 2016 WL 9021966, at *5 (C.D. Cal. June 7, 2016). Specifically, Pichardo's prior periods of incarceration would be relevant to the jury's analysis as to whether he would have spent additional time in custody and the effect this would have had on his ability to provide future financial support to his parents. Similarly, evidence of Pichardo's prior periods of incarceration is relevant to the jury's consideration of Plaintiffs' loss of love, companionship and support resulting from his death. *See, e.g., Est. of Elkins v. Pelayo*, No. 1:13-CV-1483 AWI SAB, 2022 WL 1123117, at *27 (E.D. Cal. Apr. 14, 2022) ("The Court agrees that any non-trivial time Elkins spent away from his family is relevant to the issue of damages because the time spent away during incarceration would affect the nature and closeness of Elkins's relationships with the Plaintiffs"). However, the relevant evidence is limited to the fact of incarceration, not the nature of the convictions that resulted in the incarceration. *See id.* ("identification of the amount of time spent away from the family due to incarceration, as well as any Plaintiff's awareness or lack thereof, can be conveyed to the jury without identifying the specific offenses that caused the incarceration; the relevant information is duration of incarceration, and knowledge of the fact of incarceration, not the reason for incarceration").

/ / /

Evidence of Pichardo's drug use is "relevant to his life expectancy," *Castro v. Cnty. of Los Angeles*, No. 213CV06631CASSSX, 2015 WL 4694070, at *7 (C.D. Cal. Aug. 3, 2015), which is a factor the jury must consider in assessing economic damages. *See* CACI No. 3921. Drug use also is relevant to non-economic damages to the extent it affected Pichardo's relationships with his family members and their loss of love, companionship and affection resulting from his death. *Castro*, 2015 WL 4694070, at *7.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to exclude evidence of Pichardo's tattoos, drug use, criminal convictions, law enforcement contacts and prior periods of incarceration to establish liability. The Court **DENIES** the motion to exclude evidence of drug use and prior periods of incarceration as it pertains to damages. As discussed with the parties at the Pretrial Conference, the Court concludes that bifurcation of liability and damages is appropriate to avoid any unfair prejudice to Plaintiffs. *See* Fed. R. Civ. Proc. 42(b); *Est. of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

**B.    Motion in Limine No. 2 - Exclude reference to "deliberate indifference"**

CFMG does not oppose Plaintiffs' motion to exclude all references to "deliberate indifference," and the Court agrees this phrase has no bearing on the remaining causes of action for negligence and wrongful death. As such, the Court **GRANTS** Plaintiffs' motion. No party shall use the phrase "deliberate indifference" at trial.

**C.    Motion in Limine No. 3 - Exclude expert testimony**

Both parties will offer expert testimony regarding whether Pichardo's suicide was preventable. Plaintiffs' expert, Dr. Nicole Johnson, will testify that Pichardo's suicide "was likely foreseeable and preventable had he received adequate and timely responses to his sick calls and appropriate mental health follow up while detained at [ICRADF]." Dkt. No. 209-5 at 11. CFMG's expert, Kimberly Pearson, will testify that "[d]espite utilizing nationally accepted standards and procedures related to suicide prevention, not every suicide (jail or otherwise) is preventable." Dkt. No. 209-2 at 20. Plaintiffs move to preclude Pearson from testifying that not all suicides are preventable.

"The Federal Rules of Evidence allow expert testimony that will assist a trier of fact in understanding the evidence or in determining a fact in issue, so long as '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009) (citing Fed. R. Evid. 702). "[E]xpert testimony must be both relevant and reliable to be admissible." *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1275 (9th Cir. 2024); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (trial judge must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").

Plaintiffs contend Pearson's opinion that not all suicides are preventable is "a conclusory statement without factual basis in support" that "is nothing more than a regurgitation of someone else's article and theories on suicide prevention." Dkt. No. 207 at 8. CFMG counters that whether Pichardo's suicide was preventable is a relevant issue in the case and that if Plaintiffs' expert is allowed to opine the suicide was preventable, then CFMG must be allowed to offer contrary evidence. Dkt. No. 209 at 11.

Whether Pichardo's death was preventable is a central issue in the case. Plaintiffs' expert will argue that it was, and CFMG is entitled to present evidence and argument to the contrary. The Court recognizes that that the opinion at issue, *i.e.*, not all suicides in jail are preventable, is a general statement not specifically tied to Pichardo. But testimony that not all suicides are preventable nevertheless has a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The testimony is relevant, and any perceived weaknesses in Pearson's opinion are the proper subject of cross-examination and closing argument. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.") (citation omitted).

/ / /

  Plaintiffs do not specifically argue that Pearson's testimony is not reliable, but they do contend that the testimony is based on hearsay. Dkt. No. 207 at 10. However, "under Rule 703, an expert may rely on hearsay '[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" *United States v. Holguin*, 51 F.4th 841, 856 (9th Cir. 2022) (citing Fed. R. Evid. 703). Pearson bases this opinion, in part, on statistics for jail suicides (Dkt. No. 209-2 at 21), and Plaintiffs do not challenge that this statistical information is reasonably relied upon by experts in the field.

  For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to preclude Pearson from testifying that not all suicides are preventable.

## III.
## CFMG's Motion In Limine

  Plaintiffs do not oppose CFMG's motion to exclude evidence of other litigation or claims involving CFMG unrelated to Pichardo, and the Court agrees that any such evidence would not be relevant to Plaintiffs' claims in this action. Accordingly, the Court **GRANTS** CFMG's motion.

  **IT IS SO ORDERED.**

Dated: September 12, 2024

                         */s/ David Leshner*
                       Hon. David D. Leshner
                       United States Magistrate Judge