UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, et al.,<br><br>                                Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL<br>          GROUP,<br><br>                                Defendant. | Case No.: 20-cv-1465-DDL<br><br>**ORDER RE DAMAGES ON<br>PLAINTIFFS' NEGLIGENCE<br>CLAIM** |

In February 2019, Jose Banda Pichardo ("Pichardo") died by suicide while in custody at the Imperial County Sheriff's Department Regional Adult Detention Facility ("ICRADF"). California Forensic Medical Group ("CFMG") is a medical provider that contracted with Imperial County to provide medical and mental health care to inmates at ICRADF. Pichardo's parents, Jose Trejo and Susana Banda, assert causes of action against CFMG for negligence and wrongful death arising from their son's suicide.

It is undisputed that Plaintiffs may not seek damages for Pichardo's pre-death pain and suffering under California law because the negligence claim is a survival action, and this case was filed prior to January 1, 2022. *See* Cal. Code Civ. Proc. § 377.34. However, Plaintiffs assert they are entitled to seek damages for Pichardo's pre-death pain and suffering under *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014), and loss

/ / /

of life damages under *Valenzuela v. City of Anaheim*, 6 F.4th 1098 (9th Cir. 2021).  The Court disagrees.

Both *Chaudhry* and *Valenzuela* considered the damages available for claims under 42 U.S.C. § 1983.  In *Chaudhry*, the Ninth Circuit held that §377.34 "does not apply to § 1983 claims where the decedent's death was caused by the violation of federal law." *Chaudhry*, 751 F.3d at 1105; *accord Valenzuela*, 6 F.4th at 1103 ("Following *Chaudhry*, we therefore hold that § 377.34's prohibition of loss of life damages is inconsistent with § 1983.").[1]   The guiding principle of *Chaudhry* and *Valenzuela* is that "California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy."   *Chaudhry*, 751 F.3d at 1105.   That principle does not govern where, as here, a plaintiff asserts claims only under California law and not under § 1983.

"In diversity cases, a federal court must conform to state law to the extent mandated by the principles set forth in the seminal case of *Erie R.R. v. Tompkins*, 304 U.S. 64 [] (1938)." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir.2003).  Thus, "[p]ursuant to *Erie* and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law." *Id.*  ").  "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000).  Further, the Ninth Circuit has recognized that the right to damages "is substantive, for the question of the proper measure of damages is inseparably connected with the right of action, and numerous cases have held as much." *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1064-65 (9th Cir. 2003).  *See also Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989) ("In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety

---

[1]      Unless otherwise noted, all internal quotation marks, ellipses, brackets, citations and footnotes are omitted from citations.

of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law.").

Plaintiffs argue "the policies of Section 1983 should apply here," including the available damages.  Dkt. No. 218 at 3.  But Plaintiffs cite no case applying damages principles under § 1983 to state law claims solely because the defendant was acting under color of state law.  Indeed, if Plaintiffs were correct, damages for pre-death pain and suffering and loss of life under *Chaudhry* and *Valenzuela* would be available in every state law survival action in which a state actor is the defendant.  That result cannot be squared with *Erie*'s requirement that Courts exercising diversity or supplemental jurisdiction apply substantive state law and the Ninth Circuit's recognition that damages are substantive.  Accordingly, the Court concludes that California law provides the exclusive source of available damages and that Plaintiffs may not seek damages for Pichardo's pre-death pain and suffering and loss of life under *Chaudhry* and *Valenzuela*.

**IT IS SO ORDERED.**

Dated: September 26, 2024

_____

Hon. David D. Leshner
United States Magistrate Judge