UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TREJO, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP,<br><br>　　　　　　　Defendant. | Case No.: 20-cv-1465-DDL<br><br>**ORDER RE EXPERT TESTIMONY** |

During the ongoing trial in this case, both parties have presented witness testimony under Federal Rule of Evidence 702. Plaintiffs called Tim Gravette and Nichole Johnson, M.D., and Defendant called Kimberly Pearson, R.N. Other than an issue regarding an aspect of Pearson's testimony that the Court resolved prior to trial, neither side objected to the other's presentation of expert testimony from these witnesses, and the Court allowed the parties to proceed under Rule 702 as to each witness.

"The Federal Rules of Evidence allow expert testimony that will assist a trier of fact in understanding the evidence or in determining a fact in issue, so long as (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 945 (9th Cir. 2009)

(citing Fed. R. Evid. 702).[1]  "[E]xpert testimony must be both relevant and reliable to be admissible."  *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1275 (9th Cir. 2024); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (trial judge must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry."  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014).  "And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."  *Id.*  "The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury."  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013).

"Reliability findings must be made explicit on the record – an implicit finding does not suffice."  *United States v. Holguin*, 51 F.4th 841, 853 (9th Cir. 2022).  "To carry out its gatekeeping role, a district court must find that an expert's testimony is reliable – an inquiry that focuses not on what the experts say, or their qualifications, but what basis they have for saying it."  *Id.* at 854.[2]  The Court previously applied these standards in denying Plaintiffs' motion in limine to preclude Pearson from testifying that Jose Banda Pichardo's suicide was not preventable.  *See* Dkt. No. 215.  Specifically, the Court concluded that Pearson's testimony was relevant and that she appropriately based her opinions, in part, on statistical information that is "reasonably relied upon by experts in the field."  *Id.* at 5-6.

Having considered the qualifications and experience of Gravette, Johnson and Pearson elicited during their trial testimony and the basis for the opinions they offered, the Court finds the testimony of each of these witnesses "both rests on a reliable foundation

---

[1]  Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

[2]  The Ninth Circuit has not addressed whether explicit findings are required where, as here, there is no challenge to reliability of the expert's testimony.  *Id.*, n.6.

and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.  Each expert testified based on their years of experience in their respective fields – Gravette with the Bureau of Prisons and Johnson and Pearson as a psychiatrist and a registered nurse, respectively.  "For some experts, the relevant reliability concerns may focus upon personal knowledge or experience," and the reliability analysis "may cover whether the expert's experience supports the expert's conclusions" or "whether the expert's reasoning is adequately explained." *Id*. at 855.  The Court finds the testimony offered by Gravette, Johnson and Pearson was supported by their relevant personal experience in corrections and correctional healthcare and that they each explained how that experience informed the reasoning behind their opinions.  As such, the Court confirms its prior ruling allowing these witnesses to testify under Rule 702.

**IT IS SO ORDERED.**

Dated: October 1, 2024

Hon. David D. Leshner
United States Magistrate Judge